# **EXHIBIT A**

Electronically FILED by Superior Court of California, County of Riverside on 09/12/2025 11:38 AM
Case Number CVRI2505064 0000141754616 - Jason B. Galkin, Executive Officer/Clerk of the Court By Alexis Williams, Clerk

**CONSUMER LEGAL SERVICES, P.C.**
Christopher M. Lovasz, Esq. (SBN 303120)
Jeeho H. Lim, Esq. (SBN 297365)
2330 Long Beach Boulevard
Long Beach, California 90806
Telephone: (562) 424-3293
Facsimile: (562) 595-1849

Attorneys for Plaintiff,
ANTONIO CHAPA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ANTONIO CHAPA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; WARREN-ANDERSON FORD d/b/a FRITTS FORD, a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: CVRI2505064<br><br>Assigned for all purposes to:<br>Dept.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.**<br><br>2. **Breach of Express Warranty under the Song-Beverly Warranty Act.**<br><br>3. **Breach of Express Warranty under the Magnuson-Moss Warranty Act.**<br><br>4. **Breach of Implied Warranty of Merchantability under the Magnuson-Moss Warranty Act.**<br><br>**JURY TRIAL DEMANDED** |

1

**PLAINTIFF** ANTONIO CHAPA hereby alleges and complains as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff is an individual, residing in the City of Norco, County of Riverside, in the State of California.

2. Defendant FORD MOTOR COMPANY (hereinafter referred to as "Manufacturer") is a corporation doing business in the County of Riverside, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Ford motor vehicles and related equipment.

3. Defendant WARREN-ANDERSON FORD d/b/a FRITTS FORD (hereinafter referred to as "Seller") is a corporation doing business in the County of Riverside, State of California, and, at all times relevant herein, a Manufacturer-authorized agent engaged in the business of selling/leasing and servicing and repairing Manufacturer's vehicles.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them. Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendants, and each of them, were acting in the course

and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

6. Before December 2, 2020, Defendants, Manufacturer and Does 1 through 20 inclusive, manufactured and/or distributed into the stream of commerce a new **2020 Ford Super Duty F-450 DRW, VIN: 1FD0X4GT4LEE12606** (hereinafter referred to as the "Vehicle") for its eventual sale/lease in the State of California.

7. On or about December 2, 2020, Plaintiff purchased, for personal, family, and/or household purposes, the subject Vehicle from the Seller for a total consideration over the term of the installment contract of $72,975.15. Retail Installment Sale Contract is in the possession of Defendants.

8. The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty Act.

9. Along with the purchase of the Vehicle, Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Manufacturer and Seller that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for three years or 36,000 miles pursuant to the basic warranty, five years or

60,000 miles pursuant to the drivetrain warranty, and would conform the Vehicle to the applicable express warranties. (A copy of the written warranty is in the possession of the Defendants).

10. Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase agreement and under the express and implied warranties given to plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

11. Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, including Seller, on several separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities. Repair Orders/Invoices are in the possession of Defendants.

12. By way of example, and not by way of limitation, the defects, malfunctions, misadjustments, and/or nonconformities with Plaintiff's Vehicle include the following: vehicle shutting of concerns, no start issues, bolts replacement, oil separator replacement, multiple recalls, fuel filters replacement, fuel injectors replacement, 3 injection pump bolts replacement, and battery replacement, among other concerns.

13. Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

///

///

14. Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired; however, Manufacturer or its representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

## FIRST CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act against all Defendants)

15. Plaintiff realleges each and every paragraph (1-14) and incorporates them by this reference as though fully set forth herein.

16. The distribution and sale of the Vehicle was accompanied by the Manufacturer and Seller's implied warranty that the Vehicle was merchantable.

17. Furthermore, Defendants, and each of them, impliedly warranted, *inter alia*, that the Vehicle would pass without objection in the trade under the contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

18. As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under

the contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

19. Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

20. As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgement interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

21. As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

22. As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

23. As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## SECOND CAUSE OF ACTION

(Breach of Express Warranty under Song-Beverly Warranty Act against all Defendants)

24. Plaintiff realleges each and every paragraph (1-23) and incorporates them by this reference as though fully set forth herein.

25. The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

26. Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities for repair.

27. Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

28. The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

29. Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of Defendants' obligations under Song-Beverly.

///

///

///

30.  As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

31.  Additionally, as a result of the acts and/or omissions of Defendants, and each of them, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

32.  As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

### THIRD CAUSE OF ACTION

(Breach of Written Warranty under Magnuson-Moss Warranty Act against all Defendants)

33.  Plaintiff realleges each and every paragraph (1-32) and incorporates them by this reference as though fully set forth herein.

34.  Plaintiff is a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 USC 2301(3).

35. The Seller is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

36. The Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

37. The Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 USC 2301(1).

38. The Vehicle was manufactured, sold, and leased /purchased after July 4, 1975.

39. The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written Warranty" as defined in the Warranty Act, 15 USC 2301(6).

40. The Seller is an authorized dealership/agent of the manufacturer designated to perform repairs on Vehicles under Manufacturer's warranties.

41. The above-described actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Manufacturer and Seller actionable under the Warranty Act, 15 USC 2310(d)(1), (2).

42. As a direct result of the Manufacturer and/or Seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the following relief against all Defendants: (1) A declaration that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance; (2) A refund of the purchase price paid by Plaintiff for the Vehicle; (3) Cancellation of Plaintiff's retail installment contract and payment in full of the balance of same; (4) Consequential, incidental, and actual damages to be proved at trial; (5) Costs and expenses including actual attorneys'

fees reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Such other relief the Court deems appropriate.

## FOURTH CAUSE OF ACTION

(Breach of Implied Warranty under Magnuson-Moss Warranty Act against all Defendants)

43. Plaintiff realleges each and every paragraph (1-42) and incorporates them by this reference as though fully set forth herein.

44. The above-described actions on the part of the Seller constitute a breach of the implied warranties of merchantability actionable under the Warranty Act, 15 USC 2301(7), 2308, 2310(d)(1), (2).

45. As a direct result of the Seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to judgment against all Defendants declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance, for a refund of the purchase price paid by Plaintiff for the Vehicle, for cancellation of Plaintiff's retail installment contract and for payment in full by Defendants and all of them on the balance of the installment contract, for consequential, incidental, and actual damages, for costs, prejudgment interest at the legal rate, for actual attorneys' fees reasonably incurred, and such other relief the Court deems appropriate.

///

///

///

///

///

///

///

1  WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

2      A.    For replacement or restitution, at Plaintiff's election, according to proof;

3      B.    For incidental damages, according to proof;

4
5      C.    For consequential damages, according to proof;

6      D.    For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times

7  the amount of Plaintiff's actual damages;

8      E.    For actual attorney's fees, reasonably incurred;

9      F.    For costs of suit and expenses, according to proof;

10
11      G.    For the difference between the value of the Vehicle as accepted and the value the

12  Vehicle would have had if it had been as warranted;

13      H.    For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

14      I.    For pre-judgment interest at the legal rate;

15      J.    Such other relief the Court deems appropriate.

Date: 8/11/25

Respectfully submitted,
CONSUMER LEGAL SERVICES, P.C.

By: _____
Christopher M. Lovasz, Esq.
Jeeho H. Lim, Esq.
Attorneys for Plaintiff,
ANTONIO CHAPA